GARY M. RESTAINO
United States Attorney
District of Arizona
Matthew Williams
Assistant United States Attorney
Arizona State Bar No. 029059
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Matthew.Williams3@usdoj.gov

GLENN S. LEON
Chief, Fraud Section
United States Department of Justice
James V. Hayes
Assistant Chief
S. Babu Kaza
Trial Attorney
1400 New York Avenue NW
Washington, D.C. 20005
Telephone: 202-774-4276
Email: James.Hayes@usdoj.gov
Email: Sridhar.Babu.Kaza@usdoj.gov

Attorneys for Plaintiff

☒ FILED  ☐ LODGED

**Jun 26 2024**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>               Plaintiff,<br><br>   vs.<br><br>Daud Koleosho,<br><br>               Defendant. | No.  CR-24-01098-PHX-MTL (ESW)<br><br>**I N F O R M A T I O N**<br><br>**VIO:** 18 U.S.C. § 1349<br>(Conspiracy to Commit Healthcare Fraud)<br><br>18 U.S.C. § 981(a)(1)(C);<br>28 U.S.C. § 2461; and<br>18 U.S.C. § 982(a)(7)<br>(Forfeiture Allegations) |

THE UNITED STATES ATTORNEY'S OFFICE CHARGES:

At all times relevant to this Information, within the District of Arizona and elsewhere:

# INTRODUCTION

1. DAUD KOLEOSHO, acting primarily though his company, Community Hope Wellness Center LLC ("CHWC"), falsely and fraudulently billed the Arizona Health Care Cost Containment System ("AHCCCS") approximately $57.7 million for behavioral health care services, causing AHCCCS to pay CHWC approximately $51.6 million. KOLEOSHO primarily targeted AHCCCS's American Indian Health Program ("AIHP"), among other programs, and billed AHCCCS for services that were never provided and overbilled for services that were provided.

## Background on the Arizona Health Care Cost Containment System

2. AHCCCS is Arizona's Medicaid agency that offers health care programs to Arizona residents. AHCCCS contracts with several health plans to provide covered services and works with medical providers, such as doctors, hospitals, pharmacies, specialists, and counselors, to provide care for AHCCCS members. Covered services include, among other services, behavioral health counseling services, such as counseling and substance abuse treatment.

3. AHCCCS administers Medicaid health care programs to Arizona residents. The federal government pays states for the majority of Medicaid program expenditures. Among other programs and plans, AHCCCS provides care through AIHP, through which AHCCCS-enrolled Native Americans may receive health care services, including preventive and behavioral health care services, on a fee-for-service basis.

4. All medical providers who serve AHCCCS members are required to be screened and enrolled as an approved provider before AHCCCS pays the provider for medical services provided to its members. For a medical professional to become a provider in the AHCCCS program, the provider must truthfully and accurately complete a provider enrollment paperwork package and submit it to AHCCCS. Officials at AHCCCS review such applications and, if they approve the application, the medical provider is then

permitted to begin providing medical services to AHCCCS members and receive payments from AHCCCS for medical services rendered.

5.  As part of their AHCCCS application, providers must fill out and sign a provider participation agreement that includes a certification in which they agree to abide by all laws, regulations, and policies governing AHCCCS. DAUD KOLEOSHO filled out and signed the provider participation agreement and certification for CHWC, which was submitted on or about July 18, 2022. CHWC co-owner "Individual 3" signed a separate provider participation agreement for an additional CHWC location on or about January 19, 2023.

6.  After an approved AHCCCS provider provides services to an AHCCCS member, the provider typically submits a claim for payment through an online portal operated by AHCCCS. As part of such a claim submission, AHCCCS requires the provider to disclose the date services were provided, codes that reflect the type of services provided, as well as the total amount of reimbursement sought by the provider.

7.  AHCCCS typically pays its providers either by check or by electronically transmitting funds to a bank account.

8.  AHCCCS providers are required to be registered, and CHWC was registered under AHCCCS Provider ID ending in x4384 and National Provider ID ending in x3641, with its additional location registered under AHCCCS Provider ID ending in x2926 and National Provider ID ending in x9367.

9.  AHCCCS was a "health care benefit program," as defined in Title 18, United States Code, Section 24(b), and a "Federal health care program" as defined in Title 42, United States Code, Section 1320(a)-7b(f).

10. AHCCCS-covered services, including behavioral health services, must be medically necessary, cost effective, federally reimbursable, and state reimbursable. Arizona Administrative Code R9-22-202.

11. Outpatient behavioral health services are behavioral health services provided by an outpatient treatment center ("OTC"). OTC means a health care institution without inpatient beds that provides physical health services or behavioral health services for the diagnosis and treatment of patients. Arizona Administrative Code R9-10-101.

12. OTC services include therapy in the form of intensive outpatient services ("IOP") and outpatient services ("OP"). IOP and OP patients attend facilities on an ongoing basis where treatment is rendered, generally in the form of group and individual therapy sessions. The distinction among the two different treatment plans relates to, among other things, the amount of therapy time on a daily or weekly basis.

**The Defendant and Related Individuals and Entities**

13. DAUD KOLEOSHO resides in Arizona. During the period of the fraudulent activity, he resided in Arizona. DAUD KOLEOSHO and "Individual 3" owned and operated CHWC and directed the day-to-day operations of CHWC.

14. Individual 3 resides in Arizona.

15. CHWC, an OTC, was organized in Arizona on or about March 18, 2022, as a domestic LLC providing "Health Care and Social Assistance." DAUD KOLEOSHO and Individual 3 were listed in the Arizona Corporation Commission documents as managers and organizers of CHWC. The address for CHWC was listed as **** East Pollack Street, Phoenix, Arizona, 85042.

16. CHWC applied to the Arizona Department of Health Services for a license as an OTC at its Phoenix address on or about June 9, 2022. DAUD KOLEOSHO was listed as the CHWC Chief Administrative Officer, and Individual 3 was listed as the CHWC Statutory Agent on this application. CHWC was licensed as an OTC effective on June 29, 2022. CHWC subsequently applied for a license as an OTC for a Mesa, Arizona location on October 20, 2022. DAUD KOLEOSHO was listed as the CHWC Chief Administrative Officer and Statutory Agent on this application. CHWC was licensed as an OTC at the Mesa address effective on November 30, 2022.

17. Individual 1 was the owner and operator of Company 1.

18. Company 1 was organized in Arizona on or about August 5, 2021. According to its website, Company 1 provided credentialing and enrolling, medical coding, and billing services for medical practices. Company 1 provided such services for CHWC during the period of the conspiracy.

19. Individual 2, who was a resident of Phoenix, Arizona, owned Company 2.

20. Company 2 was organized in Arizona on or about February 3, 2022, as an LLC, and provided housing to addiction treatment patients who purportedly received therapy services from CHWC.

**Investigation into Widespread AHCCCS Fraud**

21. The AHCCCS Office of Inspector General ("OIG") began investigating a widespread fraud in which residential and outpatient treatment centers recruited Native Americans and other individuals to exploit the AIHP under AHCCCS. Treatment centers obtained patients from gathering points in the greater Phoenix area such as homeless shelters, encampments, street corners, hospitals, and detox centers. Recruiters also went to Native American reservations in vans and offered substance abuse treatment and free room-and-board in Phoenix. At times, entire families or couples were recruited. Because it was easier to enroll as a provider with AIHP than some other AHCCCS insurance programs, and because AIHP's reimbursement rates for certain behavioral health services were sometimes higher than those of other programs, these treatment centers preferred patients who were enrolled in AIHP. In some cases, these treatment centers identified potential patients and enrolled the patients in AIHP or had the patients switch their existing AHCCCS insurance plan to AIHP, regardless of whether the patient was Native American.

22. By late 2022, AHCCCS OIG identified CHWC as one of the top providers billing AHCCCS, including through AIHP. Its investigation revealed that, among other things:

    a. CHWC failed to maintain medical records as required by AHCCCS;

   b. CHWC billed for patients who had passed away, were incarcerated, or were hospitalized; and

   c. CHWC billed for services for patients who were billed by other clinics on the same dates of service.

### Funds Received from AHCCCS

23. CHWC's corporate bank accounts for the relevant period were Bank of America accounts ending in x0106, x0203, and x0326, and Arizona Financial Credit Union accounts ending in x0009 and x9950. Bank records show deposits of approximately $51.6 million from AHCCCS programs during the relevant period. DAUD KOLEOSHO and Individual 3 were signatories on these bank accounts and beneficially owned and controlled, directly and indirectly, the payments received from AHCCCS, which they evenly divided between themselves.

24. Of the approximately $51.6 million CHWC received from AHCCCS during the relevant period, DAUD KOLEOSHO received approximately $25,833,070 from those payments as gross proceeds, and used the funds to purchase, among other things, multimillion-dollar real estate, vehicles, and luxury interior design.

### COUNT 1
### Conspiracy to Commit Health Care Fraud
### (18 U.S.C. § 1349)

The factual allegations in the preceding paragraphs are incorporated by reference and re-alleged as though fully set forth herein.

25. Beginning in or around March 2022, and continuing through in or around September 2023, in the District of Arizona and elsewhere, Defendant DAUD KOLEOSHO did knowingly and willfully combine, conspire, confederate, and agree with Individual 1, Individual 3, and others known and unknown to the United States, to execute a scheme and artifice to defraud AHCCCS, a health benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and

under the custody and control of, said health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services, in violation of Title 18, United States Code, Section 1347.

**Purpose of the Conspiracy**

26. It was a purpose of the conspiracy for the Defendant, Individual 1, Individual 3, and others, to unjustly enrich themselves by, among other things: (a) submitting and causing the submission of false and fraudulent claims to AHCCCS; (b) concealing the submission of false and fraudulent claims to AHCCCS, and the receipt and transfer of fraud proceeds; and (c) diverting the fraud proceeds for their personal use and benefit, the use and benefit of others, and to further the fraud.

**Manner and Means of the Conspiracy and Scheme**

27. The manner and means used by the Defendant, Individual 1, Individual 3, and others, individually and through the entities described above, to effect the objects of the conspiracy and scheme to defraud, included the following:

   a. DAUD KOLEOSHO and Individual 3 established, operated, and controlled CHWC, an OTC, which was purportedly in the business of providing addiction treatment services for persons suffering from alcohol and drug addiction.

   b. To obtain and retain patients for CHWC whose insurance, including AHCCCS, could be billed for substance abuse treatment services such as IOP and OP, DAUD KOLEOSHO, Individual 3, and their co-conspirators offered and paid kickbacks and bribes in the form of checks and wire transfers to owners of residences, including but not limited to Individual 2, that housed substance abuse treatment patients, in exchange for these residence owners referring patients to CHWC for treatment billed to AHCCCS. Many of the patients recruited for CHWC in this manner were covered under AIHP.

   c. DAUD KOLEOSHO, Individual 3, and their co-conspirators paid more money to the residence owners, including but not limited to Individual 2, in

exchange for patients with AIHP insurance compared to patients with other plans because the reimbursement from AHCCCS for these patients was generally higher.

   d.  DAUD KOLEOSHO, Individual 1, Individual 3, and their co-conspirators submitted and caused others to submit, via interstate wire communications, false and fraudulent claims to AHCCCS for behavioral health substance abuse treatment therapy services that were not provided, were not provided as billed, were not provided by qualified personnel, were so substandard that they failed to serve a treatment purpose, were not used or integrated into any treatment plan, were medically unnecessary, and/or were tainted by illegal kickbacks and bribes.

   e.  DAUD KOLEOSHO, Individual 1, Individual 3, and their co-conspirators falsified and altered, and caused the falsification and alteration, of CHWC therapy notes reflecting that CHWC's patients attended therapy when they did not and/or reflecting that therapy was provided when it was not.

   f.  After CHWC was suspended by AHCCCS in December 2022, DAUD KOLEOSHO, Individual 1, Individual 3, and their co-conspirators evaded the suspension by submitting claims to AHCCCS under a new National Provider Identifier (NPI) number, and continued to do so until AHCCCS suspended the new NPI number in March 2023.

   g.  DAUD KOLEOSHO, Individual 1, Individual 3, and their co-conspirators submitted and caused the submission, via interstate wire communications, of false and fraudulent claims to AHCCCS in the amount of approximately $57,737,196.

   h.  As a result of these false and fraudulent claims, AHCCCS made payments to the corporate bank accounts of CHWC in the approximate amount of $51,666,140.

All in violation of 18 U.S.C. § 1349.

**FORFEITURE ALLEGATIONS**
**(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461;**
**18 U.S.C. § 982(a)(7))**

28. The above allegations contained in this Information are hereby incorporated by reference as if fully set forth herein for the purpose of alleging forfeiture against the defendant, DAUD KOLEOSHO, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(7); and Title 28, United States Code, Section 2461.

29. Pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(7), together with Title 28, United States Code, Section 2461, as a result of the foregoing violation as charged in Count 1 of this Information, the defendant, DAUD KOLEOSHO, shall forfeit to the United States: any property, real or personal (a) which constitutes or is derived from proceeds traceable to the commission of the offense, and (b) that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense.

30. Such property includes, but is not limited to, a forfeiture money judgment, in an amount equal to at least $25,833,070 in U.S. currency, representing the amount of gross proceeds received by the Defendant as a result of the Defendant's violation as charged in Count 1 of this Information.

31. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), the Defendant, DAUD KOLEOSHO, shall forfeit substitute property, up to the value of the properties described above or identified in any subsequent forfeiture bills of particular, if, by any act or omission of the defendant, the property cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court;

///

///

///

1 has been substantially diminished in value; or has been commingled with other property
2 that cannot be subdivided without difficulty.

GARY M. RESTAINO
United States Attorney
District of Arizona

*Digitally signed by MATTHEW WILLIAMS
Date: 2024.06.26 10:11:50 -07'00'*

MATTHEW WILLIAMS
Assistant U.S. Attorney


GLENN S. LEON
Chief, Fraud Section
United States Department of Justice

*/s/ Sradhar Kaza/*
JAMES V. HAYES
Assistant Chief
S. BABU KAZA
Trial Attorney

- 10 -